## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

MALVIN PALMER,

    Defendant.

**Criminal No. 04cr355-08 (CKK)**
**(Civil Action No. 12-1745)**

## MEMORANDUM OPINION & ORDER
(May 22, 2015)

Presently before the Court is Malvin Palmer's [904] Objection to the Court's Recharacterization of Petitioner's Letter as Motion for Reconsideration and his [905] Motion to Reconsider And/Or Alter Judgment. Specifically, Palmer objects to the Court treating his [888] Letter in Response to the Court's Order as a motion for reconsideration pursuant to its [889] Memorandum Opinion & Order of April 16, 2015, and Palmer also requests that the Court reconsider and/or alter its judgment as set for in its [882] Order and accompanying [883] Memorandum Opinion denying Palmer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. First, Palmer requests that the Court treat his accompanying Motion to Reconsider And/Or Alter Judgment as a first motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59. The Court previously treated a letter sent by Palmer in response to an Order as a motion for reconsideration, without Palmer's express consent, because the Court received the letter after it had issued its ruling. The Court shall grant Palmer's request to treat the instant [905] Motion to Reconsider And/Or Alter Judgment as his first motion filed pursuant to Rule 59. However, upon a searching review of Palmer's motion, the relevant legal authorities, and the record as a whole, the Court finds no grounds to disturb its previous rulings as

laid out in its [882] Order and accompanying [883] Memorandum Opinion. Accordingly, the Court shall DENY Palmer's [905] Motion to Reconsider And/Or Alter Judgment. In addressing the instant motion, the Court has focused on the narrow issues raised by Palmer in the motion and shall not readdress the other issues discussed in its Memorandum Opinions of March 30, 2015, and April 16, 2015, which the Court INCORPORATES as part of this opinion.

In the instant motion, Palmer requests that the Court reconsider and alter its judgment denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e).[1] Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A.

---

[1] Palmer also asserts that he brings the instant motion pursuant to Rule 59(a). Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). However, in his request for relief, Palmer requests that the Court grant a hearing based on the information provided in the instant motion and does not request a new trial. As such, the Court shall treat the instant motion as a motion pursuant to Rule 59(e) to alter or amend the judgment denying his § 2255 motion without an evidentiary hearing, rather than as a motion for a new trial pursuant to Rule 59(a).

Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In the instant motion, Palmer argues that the Court should reconsider its holding in relation to Palmer's claim that he was rendered ineffective assistance because his counsel failed to object to Counts IV and VIII of the indictment as duplicitous. In its Memorandum Opinion of March 30, 2015, the Court addressed Palmer's contention with relation to two charges of violating 18 U.S.C. § 924(c) upon which Palmer was convicted. *See* Memo. Op. (Mar. 30, 2015), at 7-13, ECF No. [883]. The Court noted that prior to trial it had ruled that there may have been a duplicity issue with both Counts IV and VIII because the relevant provisions of the charged offenses criminalized two separate offenses: (1) *using or carrying* a firearm *during and in relation to* an applicable crime of violence, and (2) *possessing* a firearm *in furtherance of* an applicable crime of violence. *Id.* at 9 (emphasis added). However, the Court permitted the government to proceed with the charges because the government asserted that it would use a special verdict form to ensure that the jury considered the different alternatives separately. *Id.* After reviewing the language of the indictment, the jury instructions, the verdict form, and the judgment, the Court held that Palmer's argument failed because the record established that even if Palmer's counsel had raised a duplicity challenge, Palmer still would have been convicted of both § 924(c) violations on the grounds that he *used or carried* a firearm *during and in relation* to an applicable crime of violence. *See id.* at 9-13.

Here, Palmer asserts that the Court misconstrued his argument and contends that "[t]he bedrock of [his] first claim, is that whenever the indictment or jury instructions conjoined or intermix[ed] either 'possession' or 'in furtherance of' (which are both elements that comprise the second § 924(c) offense), with 'use or carry a firearm during and in relation to (the first § 924(c)

offense), or vice versa, the Court is instructing the jury to find the defendant guilty of a crime not criminalized by 18 U.S.C. § 924(c), i.e., a non-existent offense . . . ." Def.'s Mot. to Recons. And/Or Alter Judg., at 2, ECF No. [905].  Palmer cites to two opinions from the United States Court of Appeals for the Sixth Circuit, *United States v. Savoires*, 430 F.3d 376 (6th Cir. 2005), and *United States v. Castano*, 543 F.3d 826 (6th Cir. 2008), in support of his argument.  The Court finds these two cases distinguishable from the instant action and, as a result, shall deny Palmer's request that the Court alter its judgment for the reasons described herein.

In *Savoires*, the Sixth Circuit reversed the defendant's conviction under § 924(c) because the court found that the indictment was duplicitous, meaning it improperly charged two separate offenses, and the jury instructions permitted the jury to convict the defendant for conduct not criminalized by § 924(c).  *Savoires*, 430 F.3d at 379-81.  The court noted that a duplicitous charge "is not prejudicial *per se*, because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *Id.* at 380. However, in this case, the court found that the jury instructions did not clarify the duplicitous § 924(c) charge and instead combined the elements of the separate offenses.  *Id.*  As the court noted, "the 'in furtherance of' element of the § 924(c) 'possession' offense constitutes 'a higher standard of participation' than 'during and in relation to.'" *Id.*  Ultimately, the court found that the defendant's substantial rights were prejudiced because the jury could have found him guilty of "*possession* of a firearm *during and in relation to a drug trafficking crime*," an offense not criminalized under § 924(c).  *Id.* (emphasis added).

In *Castano*, the Sixth Circuit reversed a defendant's conviction under § 924(c), explaining that "[t]he jury instructions and the verdict form for Castano's § 924(c) count were infected with

a number of errors . . . [and] those errors impermissibly authorized conviction of a non-existent offense, which in this case was that of *possessing* a firearm simply *during* a drug-trafficking offense." *Castano*, 543 F.3d at 836 (emphasis added).  The court went on to explain, "[T]his case paired unindicted conduct (possession) with an erroneous, non-existent standard of participation—simply 'during,' rather than the more onerous statutory standard of 'during and in relation to' or the still more demanding and correct standard of 'in furtherance of.'" *Id.* at 837.

Palmer appears to assert that *Savoires* and *Castano* stand for the proposition that it is always impermissible for either an indictment or jury instructions to discuss both the *using or carrying* a firearm *during and in relation* to an applicable crime of violence, and *possessing* a firearm *in furtherance of* an applicable crime of violence.  *See id.* at 2.  However, Palmer misconstrues the holdings in the cited cases.  *Savoires* and *Castano* both addressed instances in which the jury was permitted to find the defendant guilty of a non-existent offense because the language of the indictment, jury instructions, and verdict form coupled the term "possession" with the less demanding standard of "during and in relation to," or some portion thereof, rather than the correct standards of "possession" and "in furtherance of," or "use or carry" and "during an in relation to."

The instant action is distinguishable from these cases because it is clear from the record the jury found Palmer guilty of two counts of § 924(c) for *using and carrying* a firearm *during and in relation to* a crime of violence, not for possession of a firearm in furtherance of a crime of violence, or from some other impermissible combination of the language of § 924(c) as was the issue in the Sixth Circuit cases.  *See* Memo. Op. (Mar. 30, 2015), at 10-13.  As this Court explained in its Memorandum Opinion, "'The overall vice of duplicity is that the jury cannot in a general

verdict render its finding on each offense, making it difficult to determine whether a conviction

rests on only one of the offenses or on both.'" *Id.* at 8 (quoting *United States v. Washington,* 127

F.3d 510, 513 (6th Cir. 1997)).  Here, the Court reviewed the language of the indictment, the jury

instructions, the verdict form, and its judgment and found that the jury convicted Palmer of Counts

IV and VIII for using and carrying a firearm during and in relation to a crime of violence, an

offense that is criminalized by § 924(c).  *Id.* at 10-13.  As such, the facts of the instant action are

distinguishable from those in *Savoires* and *Castano* because the Sixth Circuit cases addressed

situations where the jury was permitted to convict the defendant of a non-existent offense.  In

contrast, it is the clear from the record in this action that Palmer's conviction under Counts IV and

VIII rested on an offense criminalized by § 924(c) for the reasons already described in detail in

the Court's Memorandum Opinion of March 30, 2015.

　　　　To the extent that Palmer also appears to be arguing that the Court should reconsider its

judgment because the jury instructions in the instant action are identical to those in *Savoires* and

*Castano*, the Court finds this argument is without merit for two reasons.  First, in order to determine

whether a conviction should be overturned because the charge is duplicitous, the Court looks not

just to the jury instructions but also the language of the indictment, verdict form, and the judgment

as the Court did in this action.  Further, the Court notes that the jury instructions in this case differ

from those in *Savoires* and *Castano*.

　　　　In  *Savoires*, the court noted that "the instructions combined elements of the separate 'use

or carriage' and 'possession' offenses, expressly authorizing a conviction if the jury found that Mr.

Savoires 'used or carried *or possessed*' a firearm 'during and in relation to' a drug trafficking

crime."  *Savoires*, 430 F.3d at 380.  In *Castano*, "[t]he oral instructions referred three times to

6

count three as involving 'the crime of *possession* of a firearm *during* a drug trafficking crime,' . . . incorrectly substituting 'possession' for 'carrying' and omitting 'and in relation to' from the standard of participation." *Castano*, 543 F.3d at 834.  Here, the Court instructed the jury regarding Counts IV and VIII as follows:

> So as to these counts, Counts 4, 8, 11, and 16, using and carrying a firearm *during a crime of violence*, these are the essential elements: . . . In order to sustain its burden of proof for the crime of *used, brandished, carried and possessed* a firearm as charged in Counts 4 and 8 of the indictment, or *used, brandished, discharged, carried and possessed* a firearm, as charged in Counts 11 and 16 of the indictment, *during and in relation to a crime of violence*, the government must prove the following two essential elements beyond a reasonable doubt . . . .

Tr. 8039:12—8040:1 (Jun. 21, 2005) (emphasis added).  Further, the Court went on to explain the essential elements, "One, the defendant and others committed the crime of armed bank robbery . . . ; and two, *during and in relation to the commission of that crime*, the defendant knowingly *used, brandished, discharged, carried or possessed* a firearm." *Id.* at 8040:6-10 (emphasis added). While in one place the Court did conjoin "used, brandished, discharged, carried *or possessed*," any potential issue with this one portion of the instruction was clarified by the use of the verdict form that separated out a finding for "use or carry" and "possession."  With respect to both Counts IV and VII, the jury specifically found it was proven that Palmer "used or carried a firearm or aided and abetted the use and carrying of the firearm," and specifically found Palmer guilty of "*[u]sing and carrying* a firearm *during and in relation* to a crime of violence." Verdict Form at 2-4, ECF No. [476].  Further, the judgment indicates that Palmer was adjudged guilty under both Counts IV and VIII of "Using and Carrying a Firearm During Crime of Violence." Judgment in a Criminal Case at 1, ECF No. [636].  This case is distinguishable from *Savoires* and *Castano* because Palmer

was convicted of an offense criminalized by § 924(c).  Accordingly, the Court shall not alter or

amend its judgment with respect to this issue.

Accordingly, it is this 22nd day of May, 2015, hereby

**ORDERED** that Malvin Palmer's [905] Motion to Reconsider And/Or Alter Judgment is

DENIED; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion &

Order to Mr. Palmer at his address of record.

**SO ORDERED.**


_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE